

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOMMY DAVIDSON,**<br><br>Petitioner,<br><br>**v.**<br><br><br>**AMY MILLER,**<br><br>Respondent. | Case No. 1:14-cv-00745 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br><br>**[Doc. 11]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Robert C. Nash, of the Office of the Attorney General for the State of California.

I.      **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, upon being convicted by a jury on March 9, 2010 of first degree murder with a number of special circumstances and sentencing enhancements. (See Lodged Docs. No. 1-2.) On May 18, 2010, Petitioner was sentenced to an indeterminate state prison term of life without the possibility of parole, plus twenty-five (25) years to life, plus an additional twenty-two (22) years. (Id.)

1

On October 31, 2011, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on February 15, 2012. (Lodged Docs. 3-4.)

Starting in January 2013, Petitioner filed three post-conviction collateral challenges with respect to his conviction in the state courts filed as follows:

1.  Kern County Superior Court
    Filed: January 9, 2013[1];
    Denied: April 16, 2013;

2.  California Court of Appeal, Fifth Appellate District
    Filed: May 2, 2013[2];
    Denied: July 26, 2013;

3.  California Supreme Court
    Filed: September 18, 2013[3];
    Denied: January 21, 2014;

(See Lodged Docs. 5-10.)

On April 23, 2014, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[4] On August 20, 2014, Respondent filed a Motion to Dismiss the petition as having been filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, p.1.) Petitioner filed objections to the motion on September 10, 2014, and Respondent filed a reply on September 17, 2014. (ECF Nos. 13-14.)

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on January 16, 2013, the petition shall be considered filed on January 9, 2013, the date Petitioner signed the petition.

[2] Although the petition was filed on June 4, 2013, the petition shall be considered filed on May 2, 2013, the date Petitioner signed the petition.

[3] Although the petition was filed on October 9, 2013, the petition shall be considered filed on September 18, 2013, the date Petitioner signed the petition.

[4] Although the petition was filed on May 19, 2014, the petition shall be considered filed on April 23, 2014, the date Petitioner signed the petition.

1    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

2  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

3  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

4  Section 2254 Cases.

5    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

6  answer if the motion attacks the pleadings for failing to exhaust state remedies or being

7  in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

8  420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

9  exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

10  Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

11  Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

12  respondent can file a motion to dismiss after the court orders a response, and the Court

13  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &

14  n. 12.

15    In this case, Respondent's motion to dismiss is based on a violation of the one-

16  year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss

17  is similar in procedural standing to a motion to dismiss for failure to exhaust state

18  remedies or for state procedural default and Respondent has not yet filed a formal

19  answer, the Court will review Respondent's motion to dismiss pursuant to its authority

20  under Rule 4.

21    **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

22    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

23  Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all

24  petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

25  521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

26  Cir. 1997).

27    In this case, the petition was filed on April 23, 2014 and is subject to the

28  provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

3

seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on February 15, 2012. The state appeal process became final ninety days later, on May 15, 2012, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on May 16, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from May 16, 2012, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until April 23, 2014, nearly a year after the statute of limitations period

4

1    expired. Absent the later commencement of the statute of limitations or any applicable

2    tolling, the instant petition is barred by the statute of limitations.

3        **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

4        28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

5    application for State post-conviction or other collateral review with respect to the

6    pertinent judgment or claim is pending shall not be counted toward" the one year

7    limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

8    the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

9    relief, and the period is tolled during the intervals between one state court's disposition of

10   a habeas petition and the filing of a habeas petition at the next level of the state court

11   system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

12   Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

13   under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

14   timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

15   U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

16   determined by the federal courts to have been untimely in state court will not satisfy the

17   requirements for statutory tolling. Id.

18       Petitioner filed his first petition with the Kern County Superior Court on January 9,

19   2013, and his second petition with the California Court of Appeal on May 2, 2013.

20   Respondent concedes that Petitioner is entitled to tolling during the time the petitions

21   were pending in state court and a reasonable period between filing the petitions.

22   However, 238 days of the limitation period passed before the first application was filed.

23   Based on such tolling, 127 days of the limitations period remained when the California

24   Court of Appeal petition was denied on July 26, 2013.

25       Petitioner next filed a petition with the California Supreme Court. (Lodged Doc 9.)

26   The petition is signed on October 1, 2013.  However, the proof of service of mailing is

27   dated roughly two weeks earlier on September 19, 2013. (Id.) Due to the inconsistencies

28   in dates, the Court ordered Respondent to provide the prison mail records for the

1   relevant time period. (Order, ECF No. 15.) Respondent provided those records on

2   October 28, 2014, but they do not reflect any outgoing mail during the relevant period.

3   (ECF No. 16.) Respondent notes that there is a record of incoming mail to Petitioner

4   from the California Supreme Court on October 1, 2014. (Id.) Respondent speculates that

5   the record might actually be for the mailing of Petitioner's petition, but mistakenly listed

6   as incoming mail, rather than outgoing mail. Without more, this Court is unable to

7   definitively tell from the mailing log alone when the petition was mailed.

8          While Respondent argues that the petition was provided to prison staff for mailing

9   on October 1, 2013, the date stamps on the petition provide strong evidence that

10  Petitioner mailed the petition in mid-September. The California Supreme Court placed a

11  'filed' stamp on the petition dated on October 9, 2013. Additionally, on the lower right

12  hand corner, the California Supreme Court stamped the petition as 'received' on

13  September 23, 2013. (See Lodged Doc. 9 at 1.) Based on the earlier date that the

14  petition was received, the Court finds it likely that the petition was mailed prior to

15  September 23, 2103, and that Petitioner is entitled to the filing date of September 18,

16  2013, the date placed on the proof of service of mailing.

17         In producing the mail logs, Respondent argues that Petitioner could not have

18  validly filed the application prior to signing, and is only entitled to a filing date on October

19  1, 2013. Respondent refers to state law for the proposition that petitions must be verified

20  to be properly filed in state court.  (Response, ECF No. 16 at 3, citing Cal Penal Code §

21  1474(3); People v. Madaris, 122 Cal. App. 3d 234, 241 (1981); People v. Adams, 101

22  Cal. App. 3d 791, 802 (1980).) However, in this case, Petitioner did verify the petition. It

23  appears he inserted the wrong date. Respondent has not provided any authority

24  suggesting such an error would nullify Petitioner's verification. The California Supreme

25  Court, in reviewing the petition, denied the petition on other grounds. (See Lodged Doc.

26  10.)

27         Respondent has provided no authority to suggest that an improper verification

28  would deprive Petitioner of the benefit of the mailbox rule as established under federal

6

1   law. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245

2   (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010). As the Supreme Court

3   explained in Houston v. Luck, the mailbox rule was created based on the need to create

4   a straightforward method to determine the date of mailing. Houston, 487 U.S. at  275

5   ("The pro se prisoner does not anonymously drop his notice of appeal in a public

6   mailbox -- he hands it over to prison authorities who have well-developed procedures for

7   recording the date and time at which they receive papers for mailing and who can readily

8   dispute a prisoner's assertions that he delivered the paper on a different date. Because

9   reference to prison mail logs will generally be a straightforward inquiry, making filing turn

10  on the date the pro se prisoner delivers the notice to prison authorities for mailing is a

11  bright-line rule, not an uncertain one.") Based on the record before the Court, the Court

12  finds that Petitioner is entitled to the earlier filing date of September 18, 2013, the date

13  that Petitioner verified as the date of mailing on the proof of service.

14        Thus, Petitioner's California Court of Appeal decision was denied on July 26,

15  2013, and Petitioner filed his California Supreme Court decision 54 days later on

16  September 18, 2013. In Evans v. Chavis, 546 U.S. 189, 201 (2006) the Supreme Court

17  ruled that a delay of six months between the denial of a petition and the filing of another

18  was an "unjustified delay," The Court stated, "Six months is far longer than the 'short

19  periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state

20  supreme court." Id. As petitioner filed his petition in less than sixty days, the court finds

21  that the petition is entitled to interval tolling during the time between petitions and during

22  the time the petition was pending. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir.

23  2011). Therefore 127 days of the limitations period remained when the Supreme Court

24  Petition was denied on January 21, 2014.

25        Petitioner filed the instant petition 92 days later on April 23, 2014. As 35 days of

26  the limitations period remained, the petition was timely filed. The Court recommends that

27  the motion to dismiss be denied with respect to the untimeliness claim.

28

1

**D.**   **Exhaustion**

2

**1.**   **Applicable Law**

3 As a matter of comity, a federal court will not grant habeas relief to a petitioner

4 held in state custody unless he has exhausted the available state judicial remedies on

5 every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455

6 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). "[T]he exhaustion doctrine is

7 designed to give the state courts a full and fair opportunity to resolve federal

8 constitutional claims before those claims are presented to the federal courts." O'Sullivan

9 v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); see also

10 Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (to give the

11 State the chance to pass upon and resolve violations of his federal rights, a state

12 prisoner must exhaust available state remedies before seeking federal habeas relief).

13 Exhaustion requires that the petitioner's contentions be "fairly presented" to the

14 state courts and disposed of on the merits by the highest court of the state. See James

15 v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir.

16 1979). A claim has not been "fairly presented" unless the prisoner has described in the

17 state court proceedings both the operative facts and the federal legal theory on which

18 the claim is based. Gray v. Netherland, 518 U.S. 152, 162-163, 116 S. Ct. 2074, 135 L.

19 Ed. 2d 457 (1996); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Castillo v.

20 McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Thus, a claim is unexhausted where the

21 petitioner did not fairly present either the factual or the legal basis for the claim to the

22 state's highest court. See Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed.

23 2d 438 (1971).

24 Petitioner has the burden of demonstrating that he has exhausted available state

25 remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972); Werts v.

26 Vaughn, 228 F.3d 178, 192 (3rd Cir. 2000). For purposes of exhaustion, the petition

27 "must be read in context and understood based on the particular words used." Peterson

28 v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc); Davis, 511 F.3d at 1009

1  (citations and quotations omitted). The exhaustion requirement is not meant to "trap the

2  unwary pro se prisoner." Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L.

3  Ed. 2d 542 (2000). Rather, "the [Supreme] Court has held pro se pleadings to a less

4  stringent standard than briefs by counsel and reads pro se pleadings generously,

5  'however inartfully pleaded.'" Davis, 511 F.3d at 1009 n. 4 (citing Haines v. Kerner, 404

6  U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam)).

7                    **2.      Review of Petitioner's Claims**

8          Petitioner raises seven claims in the instant Petition: (1) Failure to grant defense

9  counsel's request to allow witnesses to testify in a closed courtroom because they feared

10  for their safety violated Petitioner's Sixth Amendment right to present a defense and right

11  to compulsory process; (2) The trial court erred when it struck the testimony of Myja

12  Gardner, denying Petitioner his state and federal right to a fair trial; (3) The trial court

13  erred when it allowed the prosecution to admit propensity evidence in the guise of expert

14  opinion; (4) The denial of Petitioner's motion for juror identification deprived Petitioner of

15  effective assistance of counsel because counsel could not adequately investigate

16  potential juror misconduct; (5) There was insufficient evidence to prove the gang

17  enhancement and special circumstance; (6) Petitioner's counsel was ineffective in

18  failing to investigate and present potential favorable evidence on behalf of Petitioner by

19  not cross-examining witnesses against him; and (7) The trial court violated the

20  defendant's constitutional rights to due process under the Sixth and Fourteenth

21  Amendments by failing to instruct the jury of the factual elements of the charge of active

22  participation in a criminal street gang. (Pet.)

23          On December 1, 2011, Petitioner filed a petition for review in the California

24  Supreme Court raising the following five arguments: (1) "Failure to grant defense

25  counsel's request to allow Myja Gardner and Deandra Key to testify in a closed

26  courtroom because they feared for their safety from the Eastside Crips violated

27  Appellant's Sixth Amendment right to present a defense and right to compulsory

28  process;" (2) "The trial court erred when it struck the testimony of Myja Gardner, denying

1    Appellant his state and federal right to a fair trial;" (3) "The trial court erred when it

2    allowed the prosecution to admit propensity evidence in the guise of expert opinion;" (4)

3    "Appellant's motion for juror identification information should have been granted;" and (5)

4    "The evidence is insufficient to prove the gang enhancement, Penal Code section

5    186.22, subdivision (b)(1) and the gang special circumstance, Penal Code section 190.2,

6    subdivision (a)(22)." (Lod. Doc. 3.)

7         On October 1, 2013, Petitioner filed a petition for writ of habeas corpus in the

8    California Supreme Court raising the following three claims: (1) "The trial court violated

9    defendant's constitutional right to due process under the Sixth Amendment by failing to

10   instruct the jury of the factual elements that the prosecution was required to prove before

11   the jury could properly find true the defendant active[ly] participated in a criminal street

12   gang within the definition of 186.22(a);" (2) "The trial court erred in allowing the

13   admissibility of witness Antoinette Mitchell's testimony, it was irrelevant, speculative

14   hearsay testimony that lacked foundation that Appellant was an 'active participant' in a

15   criminal street gang and that the offense was gang related;" and (3) "Appellant received

16   ineffective assistance of counsel when counsel's representation fell below the objective

17   standard by not providing legal assistance. Counsel failed to investigate and present

18   potential favorable evidence on behalf of Appellant by not cross-examining witnesses

19   presented against him." (Lod. Doc. 9.)

20        Respondent does not challenge exhaustion with regard to the first five claims of

21   the instant petition that were presented on direct appeal. However, Respondent asserts

22   that claims six and seven, presented in Petitioner's state habeas corpus petitions, were

23   not properly exhausted. Claims six and seven of the instant petition were presented to

24   the California Supreme Court (Lodged Doc. 9.) The California Supreme Court denied the

25   petition with citations to People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Dixon, 41

26   Cal.2d 756, 759 (1953); In re Swain, 34 Cal.2d 300, 304 (1949); and In re Lindley, 29

27   Cal.2d 709, 723 (1947). (Lodged Doc. 10.)

28        Respondent asserts that the citations to In re Swain and People v. Duvall

1    reference the California rule that, to meet his initial burden of pleading adequate grounds

2    for relief, a California habeas petitioner must state fully and with particularity the facts

3    upon which relief is sought. See People v. Duvall, 9 Cal.4th at 474; In re Swain, 34

4    Cal.2d at 303-04; see also Gaston v. Palmer, 417 F.3d 1030, 1038-39 (9th Cir. 2005).[5]

5    The failure to meet the pleading requirements of Duvall and Swain can be cured in a

6    renewed petition. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Thus,

7    where the California Supreme Court denies a habeas petition with citations to Duvall or

8    Swain, the denial can signify a failure to exhaust available state remedies. See Kim, 799

9    F.2d at 1319. However, a federal habeas court must examine independently the

10   sufficiency of the petitioner's California Supreme Court petition, and will reach the merits

11   of the claims where the state petition presented the claims "with as much particularity as

12   is practicable[.]" Id. at 1320.

13           Applying the independent examination required by the decision in Kim to this

14   case, the Court finds that Petitioner's claims were fairly presented with as much

15   particularity as practicable in his habeas petition filed in the California Supreme Court.

16   Kim, 799 F.2d at 1320. In the first habeas claim presented to the California Supreme

17   Court, Petitioner argued that the trial court violated defendant's constitutional right to due

18   process under the Sixth Amendment by failing to instruct the jury of the factual elements

19   required to show that defendant actively participated in a criminal street gang within the

20   definition of Cal. Penal Code § 186.22(a). (See Lodged Doc. 9 at 4-14.) Specifically,

21   Petitioner presents the state court the relevant federal and state law regarding due

22   process requirements (Lodged Doc. 9 at 4-5), explains why the burden of proof from

23   proving enhancements is the same as for criminal offenses (Id. at 6-7), and provides

24   significant factual support for his argument, including many cites to the transcript of the

25   trial. (Id. at 1-14.)

26   _____

27           [5] A citation to Swain can also signify that the court deemed the petition to be untimely, see Bennett
     v. Mueller, 322 F.3d 573, 578-79 (9th Cir. 2003), but when accompanied by a citation to Duvall, a citation
     to Swain indicates dismissal for lack of particularity. See Pombrio v. Hense, 631 F.Supp.2d 1247, 1252

28   (C.D. Cal. 2009).

1    In his third claim for relief in California Supreme Court habeas petition, Petitioner

2   claims that he received ineffective assistance of counsel based on counsel's failure to

3   cross examine the prosecution's witnesses. (Lodged Doc. 9 at 20-24.) In his claim

4   Petitioner presents the relevant federal authority for the claim and provides factual

5   support, including describing the witnesses that counsel failed to cross-examine. (Id. at.

6   21, 23-24.)

7    The Court finds that Petitioner's claims were fairly presented to the California

8   Supreme Court, with as much particularity as practicable. Kim, 799 F.2d at 1320.

9   Respondent provides no basis to conclude otherwise. (See, generally, Motion to Dismiss

10  at 1-6; Opposition to Motion to Amend at 12-13.) Therefore, Respondent's Motion to

11  Dismiss this action due to Petitioner's failure to satisfy the exhaustion requirement

12  should be denied. See, e.g., Nguon v. Walker, 2011 U.S. Dist. LEXIS 87223, 2011 WL

13  3501011, at *3-*4 (E.D. Cal. 2011) (denying motion to dismiss petition as unexhausted

14  despite the fact that California Supreme Court denied habeas petition with citation to

15  Duvall, because independent examination of the state petition revealed that petitioner's

16  claims were "fairly presented to the California Supreme Court, with as much

17  particular[it]y as practicable").

18  **III.    CONCLUSION**

19    As explained above, Petitioner filed the petition within the one year limitations

20  period and presented claims six and seven of the petition with as much particularity as

21  practicable.  This Court recommends that Respondent's Motion to Dismiss be DENIED.

22  **IV.    RECOMMENDATION**

23    Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

24  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and

25  failure to exhaust state remedies under 28 U.S.C. § 2254(b) be DENIED.

26    This Findings and Recommendation is submitted to the assigned  United States

27  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

28  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 26, 2014       /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

13